UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 20-04330 RSWL (PD)　　　　　　　Date: July 8, 2020
Title:　　Michael C. Meyers v. The People of the State of California

Present: The Honorable **Patricia Donahue, U.S. Magistrate Judge**

| Isabel Martinez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) Order to Show Cause Why First Amended Petition Should Not be Summarily Dismissed as Second and Successive

## I.　Introduction

On May 13, 2020, Michael C. Myers[1] ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 challenging his 1996 conviction. He subsequently filed a First Amended Petition ("FAP") on June 22, 2020. [Dkt. No. 4.] The FAP appears subject to dismissal because it is second and/or successive. The Court will not make a final determination regarding whether the FAP should be dismissed, however, without giving Petitioner an opportunity to address this issue.

## II.　Procedural History

On January 23, 1996, Petitioner was convicted in Los Angeles County Superior Court of possession of a firearm by a felon in violation of California Penal Code section 12021(a)(1). Petitioner was sentenced under the three-strikes law to 25 years to life with the possibility of parole.

---

[1] Petitioner indicates that this is the true spelling of his name.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 20-04330 RSWL (PD)                          Date:  July 8, 2020
Title:         *Michael C. Meyers v. The People of the State of California*

    Petitioner first appealed his conviction to the California Court of Appeal, which affirmed in part and remanded to the trial court with directions on February 26, 1997.[2] Petitioner filed a petition for review in the California Supreme Court, which was denied on May 21, 1997.[3]

    Petitioner again appealed his conviction to the California Court of Appeal, which affirmed in full on January 19, 1999.[4] Petitioner filed a petition for review in the California Supreme Court, which was denied on April 14, 1999.[5]

    Since 1999, Petitioner has initiated at least 13 habeas actions in the California Court of Appeal.[6] On February 10, 2020 the California Court of Appeal summarily denied Petitioner's most recent petition.[7] On April 15, 2020, the California Supreme Court also summarily denied his petition.[8]

    In October 1999, Petitioner filed his first Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 in this Court challenging his 1996 conviction. The Petition was dismissed without prejudice. His second § 2254 Petition (the "2001 Petition) challenging his 1996 conviction was considered on the merits and dismissed with prejudice.

---

[2] https://appellatecases.courtinfo.ca.gov (Case No. B101139). The Court takes judicial notice of its own records and files as well as Petitioner's prior proceedings in the state courts. Fed. R. Evid. 201(b)(2); *Harris v. County of Orange*, 682 F. 3d 1126, 1131-32 (9th Cir. 2012).

[3] https://appellatecases.courtinfo.ca.gov (Case No. S060307).

[4] https://appellatecases.courtinfo.ca.gov (Case No. B117230).

[5] https://appellatecases.courtinfo.ca.gov (Case No. S076637).

[6] https://appellatecases.courtinfo.ca.gov (Case Nos. B168557, B177639, B182268, B206205, B218101, B221049, B237065, B247691, B256070, B275605, B290823, B293345, B303843).

[7] https://appellatecases.courtinfo.ca.gov (Case No. B303843).

[8] FAP at 30; *see also* https://appellatecases.courtinfo.ca.gov (Case No. S260951).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 20-04330 RSWL (PD)  Date:  July 8, 2020
Title:  *Michael C. Meyers v. The People of the State of California*

The 2001 Petition raised several claims based on the denial of suppression motions, the effectiveness of trial and appellate counsel, and the sentencing enhancement based on prior convictions. The 2001 Petition was denied on the merits, and this Court and the Ninth Circuit denied Petitioner's request for a certificate of appealability.[9]

On January 30, 2006, Petitioner filed a third habeas petition challenging his 1996 conviction. Petitioner raised prior claims and alleged that trial counsel provided ineffective assistance by failing to locate and call an anonymous witness who provided a police officer with information that informed the officer's decision to detain Petitioner, and that as a consequence Petitioner's Sixth Amendment confrontation right was also violated. This Court dismissed it as an unauthorized second or successive petition, and this Court and the Ninth Circuit denied Petitioner's request for a certificate of appealability.[10]

On February 27, 2008, Petitioner filed his fourth petition which challenged the sentence imposed in the 1996 conviction. Petitioner asserted that the prosecution breached the plea agreement behind a 1983 conviction and used that conviction against him for the three-strikes law. This Court dismissed it as an unauthorized second or successive petition.[11]

---

[9] *Myers v. Early*, CV 99-11205-NM (EE) Dkt. No. 14; *Meyers v. Rocha*, CV 01-06964-NM (RZ) Dkt. No. 20; *Myers v. Dir. Of Cal. Dep't of Corr.*, No. 02-55944 (9th Cir. Dec. 13, 2002 Order).

[10] *See Myers v. Kane*, No. 2:06-cv-00561-NM (RZ) (C.D. Cal.) Dkt. Nos. 3 and 5; *Myers v. Kane*, No. 06-55480 (9th Cir. Nov. 30, 2006 Order).

[11] *See Myers v. Curry*, No. 2:08-cv-01318-VBF (FFM) (C.D. Cal.) Dkt. Nos. 14 and 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 20-04330 RSWL (PD)   Date:  July 8, 2020
Title:  *Michael C. Meyers v. The People of the State of California*

On October 10, 2010, Petitioner filed an application for leave to file a second or successive habeas corpus petition in the Ninth Circuit, which was denied.[12]

On October 18, 2016 and January 3, 2018, Petitioner filed his fifth and sixth petitions, respectively, which challenged the same 1996 conviction. This Court simultaneously dismissed the petitions as unauthorized second or successive petitions and referred them to the Ninth Circuit for consideration as applications for leave to file a second or successive petition.[13]  The Ninth Circuit denied both applications.[14]

On June 22, 2020, Petitioner filed the instant petition alleging that trial counsel provided ineffective assistance by failing to locate and call the anonymous witness, that as a consequence Petitioner's Sixth Amendment confrontation right was also violated, and that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963) in not disclosing the tipster's name.  [FAP at 36, 40.]  Petitioner also notes the testimony from the fingerprint examiner that the partial prints on the recovered firearm did not match Petitioner's.  *Id.* at 5.

### III. Discussion

Habeas petitioners generally may file only one habeas petition challenging their conviction or sentence.  See 28 U.S.C. § 2244(b)(1).  Hence, if a prior petition raised a claim that was adjudicated on the merits, a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the [second or successive petition]." 28 U.S.C. § 2244(b)(3)(A); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Goodrum v. Busby*, 824 F.3d 1188, 1194 (9th Cir. 2016) ("As a general

---

[12] *See Myers v. Hamlet*, No. 10-72465 (9th Cir. Oct. 12, 2010 Order).

[13] *See Myers v. Warden*, No. 2:16-cv-07758-VBF (FFM) (C.D. Cal.) Dkt. No. 14; *Myers v. Neuichmen*, No. 2:18-cv-00062-VBF (FFM) (C.D. Cal.) Dkt. No. 4.

[14] *Myers v. Hatton*, No. 17-70923 (9th Cir. Nov. 17, 2017 Order); *Myers v. Neuschmid*, No. 18-70183 (9th Cir. Sept. 20, 2018 Order).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 20-04330 RSWL (PD)    Date: July 8, 2020
Title: *Michael C. Meyers v. The People of the State of California*

principle, ... a petition will not be deemed second or successive unless, at a minimum, an earlier-filed petition has been finally adjudicated.").

Absent proper authorization from the court of appeals, district courts lack jurisdiction to consider second or successive petitions and must dismiss such petitions without prejudice to refiling if the petitioner obtains the necessary authorization. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." (citation omitted)); 28 U.S.C. § 2244(b)(2).

Here, the FAP challenges the same conviction as the 2001 Petition that was adjudicated on the merits. [*See* Dkt. No. 4.] Consequently, the instant Petition is second or successive to the 2001 Petition. As Petitioner has not presented any documentation indicating the Ninth Circuit has issued "an order authorizing the district court to consider the application," the Court lacks jurisdiction over the claims, and the FAP is subject to dismissal. 28 U.S.C. § 2244(b)(3)(A).

### IV. Order

Thus, the Court ORDERS Petitioner to respond **no later than July 31, 2020** by electing one of the following options:

1. File a written response explaining the FAP is not a second and successive petition or showing that the Ninth Circuit has authorized review of this petition. If Petitioner contends the FAP is not a second and successive petition, he should clearly explain this and attach any supporting documents showing that his claim is not second and successive to his prior claims; or

2. Voluntarily dismiss this action without prejudice. Petitioner may request a voluntarily dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court has attached A Notice of Dismissal form.** However, the Court warns any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 20-04330 RSWL (PD)                    Date:   July 8, 2020
Title:        *Michael C. Meyers v. The People of the State of California*

dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judge of a State court." 28 U.S.C. § 2244(d)(1).

If Petitioner fails to demonstrate that the FAP is not a second and successive petition, **or fails to respond by July 31, 2020**, the FAP may be dismissed without prejudice as a second and successive petition and/or for failure to prosecute and obey court orders. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Initials of Preparer        :
                                                                          im